

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0514-13

### APRIL HOPE WHITSON, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### YOUNG COUNTY

**KELLER, P.J., filed a concurring opinion.**

The question here is which controls in the event of an internal conflict in an order extending the term of community supervision: the months (or years) by which the term is extended or the calendar date specified in the order. With all due respect, the Court's opinion begs the question.

The Court does so by referring to appellant's term of community supervision as her "seven-and-one-half-year deferred adjudication." This assumes that the term of probation is measured by years and months instead of by the specified calendar date.

There is no obvious answer to the question of which date should control in the usual case, but as it turns out, there is an obvious answer in this case. Appellant executed written documents

waiving her right to a hearing and agreeing to extensions of one year (for the first extension) and

eighteen months (for the second extension).  Because the trial court's orders were issued pursuant

to appellant's waiver and agreement to extension,[1] I would hold that the trial court was not

authorized to extend appellant's community supervision beyond the agreed-to one-year and eighteen-

month periods.  The State's motion to adjudicate was filed too late.

I concur in the Court's judgment.

Filed:  May 7, 2014
Publish

_____

[1] The first waiver is file-stamped "9:32 a.m." and the order is file-stamped "9:35 a.m."
The second waiver and order are both file-stamped "1:35 p.m."